J-S30007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                              :            PENNSYLVANIA
                              :
            v.                   :
                              :
                              :
DAVID HARRY HOLLENBACH       :
                              :
         Appellant         :    No. 146 MDA 2021

Appeal from the PCRA Order Entered January 8, 2021
In the Court of Common Pleas of Union County Criminal Division at
No(s):  CP-60-CR-0000214-2019

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED OCTOBER 12, 2021**

Appellant, David Harry Hollenbach, appeals from the post-conviction court's January 8, 2021 order dismissing his timely-filed petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Additionally, Appellant's counsel, Trisha Hoover Jasper, Esq., has filed a petition to withdraw from representing Appellant, along with an **Anders**[1] brief. While a **Turner/Finley**[2] no-merit letter is the appropriate filing when counsel seeks to withdraw on appeal from the denial of PCRA relief, we will accept Attorney Jasper's **Anders** brief in lieu of a **Turner/Finley** no-merit letter. **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011)

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

("Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter.") (citation omitted). After careful review, we affirm the PCRA court's order denying Appellant's petition and grant Attorney Jasper's petition to withdraw.

The facts of Appellant's underlying convictions are not pertinent to his present appeal. The PCRA court summarized the relevant procedural history of his case, as follows:

> On October 1, 2019[, Appellant pled] guilty to one count of Rape of a Child, 18 Pa.C.S. § 3121(c), a felony of the first degree[,] pursuant to a plea agreement. Under the plea agreement[,] all other counts in the information would be dismissed and [Appellant] would receive a standard range sentence. On January 6, 2020[,] the court sentenced [Appellant] to incarceration of not less than [11] nor more than [22] years in a state correctional institution. [Appellant] did not file a post-sentence motion, nor did he appeal his sentence.
>
> On July 1, 2020[, Appellant] filed a *pro se* [PCRA] petition…. By order dated July 9, 2020[,] the court appointed Peter Kay, Esquire, to represent [Appellant] and ordered him to file a counseled petition within sixty days[,] which was extended to November 12, 2020.
>
> On November 17, 2020[,] counsel filed a [**Turner/**]**Finley** no[-]merit letter. [Pursuant to Pa.R.Crim.P. 907, t]he court gave notice of [its] intent[] to dismiss [Appellant's] petition on December 2, 2020[,] and [it] dismissed the petition on January 7, 2021. [Appellant] filed his notice of appeal on January 27, 2021. Pursuant to court order[, Appellant] filed his [Pa.R.A.P. 1925(b) concise] statement of [errors] complained of [on appeal] on February 16, 2021. On appeal[,] he raises the issue that trial counsel did not request[,] and this court did not order[,] a psychological evaluation, and that trial counsel was ineffective for not moving to suppress an incriminating statement [Appellant] gave to police. … He requested the court to appoint counsel for the appeal[,] and this court appointed [Attorney] Jasper … to represent [Appellant] on appeal.

PCRA Court Opinion (PCO), 5/3/21, at 1-2 (unnecessary capitalization omitted; some spacing altered).

The PCRA court permitted Attorney Jasper to file an amended Rule 1925(b) statement on Appellant's behalf. In response, she filed a Rule 1925(c)(4) statement of her intent to withdraw from representing Appellant. Attorney Jasper thereafter filed with this Court a petition to withdraw and an **Anders** brief (hereinafter, "no-merit letter"), asserting that Appellant has no non-frivolous issues to raise on appeal. Again, as a **Turner/Finley** letter is the appropriate filing when counsel seeks to withdraw from an appeal from the denial of PCRA relief, we will assess Attorney Jasper's petition to withdraw and no-merit letter under the dictates of **Turner/Finley**.

In **Turner**, our Supreme Court "set forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions[.]" **Turner**, 544 A.2d at 927. The traditional requirements for proper withdrawal of PCRA counsel, originally set forth in **Finley**, were updated by this Court in **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006), *abrogated by* **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009),[3] which provides:

---

[3] In **Pitts**, our Supreme Court abrogated **Friend** "[t]o the extent **Friend** stands for the proposition that an appellate court may *sua sponte* review the sufficiency of a no-merit letter when the defendant has not raised such issue." **Pitts**, 981 A.2d at 879. In this case, Attorney Jasper filed her petition to withdraw and no-merit letter with this Court and, thus, our Supreme Court's holding in **Pitts** is inapplicable.

1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]

2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]

3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]

4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;

5) the court must conduct its own independent review of the record in the light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6) the court must agree with counsel that the petition is meritless.

*Friend*, 896 A.2d at 615 (footnote omitted).

We have received Attorney Jasper's petition to withdraw and a brief that we will treat as her no-merit letter. She, therefore, meets the first prong of the above test. In counsel's no-merit letter, she sets forth each claim Appellant "wishes to have reviewed, and detail[s] the nature and extent of counsel's review of the merits of each of those claims[.]" *Id.* She also includes an explanation as to why each issue is meritless. Accordingly, Attorney Jasper has met the second and third prongs of the revised *Finley* test as set forth in *Friend*. Attorney Jasper also states in her petition to withdraw that she has forwarded to Appellant a copy of her petition to withdraw and her no-merit letter. Additionally, Attorney Jasper has attached

- 4 -

to her petition to withdraw a letter she sent to Appellant advising him of his right to proceed with this appeal *pro se* or to hire new counsel. Accordingly, we find that Attorney Jasper has complied with the fourth prong of the revised test set forth in **Friend**.

Next, this Court must conduct its own independent review of the record in light of the issues presented in Appellant's PCRA petition. Attorney Jasper sets forth those issue in her no-merit letter, as follows:

> 1. Whether trial counsel was ineffective for not moving to suppress an incriminating statement [Appellant] gave to the police[?]
>
> 2. Whether trial counsel was ineffective for failing to request a psychological evaluation and whether the court erred by failing to order such an evaluation[?]

No-Merit Letter at 6.

First, "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Morales**, 701 A.2d 516, 520 (Pa. 1997) (citing **Commonwealth v. Travaglia**, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing

by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

*Commonwealth v. Johnson*, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

Here, Appellant first seeks to assert that his trial counsel acted ineffectively by not moving to suppress an incriminating statement he gave to police. According to Attorney Jasper, Appellant believes his statement was suppressible because "he was in his mid[-]seventies when he was charged and convicted of these crimes, he cannot spell or write well[,] and he did and said what the police and his attorney told him to…." No-Merit Letter at 11-12. Appellant also suggested, in his *pro se* PCRA petition, that counsel should have filed a motion to suppress on the basis that Appellant did not have counsel present when he gave the statement. *See* PCRA Petition, 7/1/20, at 5 (numbered 4A).

Initially, the record confirms Attorney Jasper's assertion that, before his interview with police, Appellant was read his *Miranda*[4] rights, which included notification of his right to have counsel present. *See* Affidavit of Probable Cause, 6/25/19, at 1. Appellant stated that he understood those rights, and

---

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).

then waived them before continuing with the interview. *Id.* Therefore, the fact that Appellant did not have counsel present during his interview with police would not have warranted suppression. "Counsel will not be deemed ineffective for failing to raise a meritless claim." ***Commonwealth v. Spotz***, 896 A.2d 1191, 1210 (Pa. 2006) (citation omitted).

We also find meritless Appellant's other arguments that counsel should have sought suppression based on his age, his inability to spell or write well, and because he simply followed the instructions of the police and his counsel. First, the written and oral guilty plea colloquies completed in this case demonstrate that Appellant's age did not impair his ability to understand what he was doing, or voluntarily and intelligently enter his plea. We also observe that at the guilty plea proceeding, Appellant stated that he was not being treated for any mental illness, and he was not taking any medication that impaired his ability to understand what was happening. ***See*** N.T. Plea, 10/1/19, at 3. Thus, if Appellant's age did not impede his understanding of the plea proceedings, we fail to see how or why his age would have impacted his understanding of his ***Miranda*** rights and the consequences of making a statement to police.

Secondly, while Appellant now claims he cannot spell or write well, he informed the court at the plea proceeding that he had completed twelfth grade, and that he could read, write, and understand English. *Id.* Third, there is nothing in the record suggesting that Appellant was pressured or coerced into making his statement by his counsel or the police. At the plea

proceeding, he confirmed that no one had threatened him or promised him anything in return for entering his plea, *id.* at 5, that it was his decision to enter the plea, *id.* at 7, and that he did in fact commit the offense for which he was pleading guilty, *id.* at 8. At no point did Appellant provide any indication that he had been forced into making his inculpatory statement or entering his guilty plea.

Finally, we observe that Appellant acknowledged, in both the written and oral plea colloquies, that he understood that by pleading guilty, he was waiving his right to file any pre-trial motions, or object to anything that he believed was improper or illegal in his arrest or the investigation of the charges pending against him. *See* Written Plea Colloquy, 10/1/19, at 4, 5; N.T. Plea at 6. Appellant stated at the oral plea proceeding that he had no questions about his plea or the rights he was waiving. N.T. Plea at 9. His counsel informed the court that he believed Appellant understood everything, and that Appellant was voluntarily and intelligently entering the plea. *Id.* Therefore, not only does the record demonstrate that counsel had no valid basis for moving to suppress Appellant's inculpatory statement to police, but it also shows that Appellant also knowingly, intelligently, and voluntarily waived his right to file any such motion by pleading guilty. Consequently, we agree with Attorney Jasper that Appellant's first ineffectiveness claim is meritless.

Next, Appellant seeks to argue that his trial counsel was ineffective for failing to file a motion for a psychological evaluation, and that the court erred by not ordering one. Preliminarily, Appellant's claim of trial court error is

waived, as he could have raised this argument during the guilty plea proceedings, or in a direct appeal from his judgment of sentence. *See* 42 Pa.C.S. § 9543(a)(3) (stating that, to be eligible for PCRA relief, a petitioner must show "[t]hat the allegation of error has not been previously litigated or waived"); 42 Pa.C.S. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding.").

Regarding Appellant's ineffectiveness claim, he alleges that his counsel "should have ordered a psychological evaluation [because] he didn't know anything about the law, he was in his mid[-]seventies, he cannot spell or write well[,] and he just said and did what he was told by his attorney and the police." No-Merit Letter at 13-14. Attorney Jasper also notes that Appellant "believes he should have had a psychological evaluation because he thought he was getting ten years and he did not get ten years." *Id.* at 14. According to Attorney Jasper, Appellant "provides no additional reasons why he should have [had] a psychological evaluation done or why he even believed he was getting ten years." *Id.*

We conclude this ineffectiveness claim is meritless. Again, during the written and oral guilty-plea colloquies, Appellant indicated that he had no mental health issues, he could read and write English, he understood everything that was occurring, and he had not been threatened or coerced. He also confirmed that he understood he was waiving his right to raise any

pretrial issues, which would include a request for a psychological evaluation. Appellant's age, his ignorance of the law, his alleged inability to spell or write well, and his claim that he simply followed the directions of his attorney and the police, are not legitimate grounds for counsel to have requested, or for the court to have ordered, a psychological evaluation.

Finally, the record belies Appellant's claim that his counsel led him to believe that he would receive a maximum sentence of 10 years' incarceration if he pled guilty. *See* PCRA Petition at 4. At the plea proceeding, the court explained the terms of Appellant's plea, stating that he would plead guilty to rape of a child in exchange for his other charges being "dismissed or *nol-prossed*, and [his] receiv[ing] a standard range sentence." N.T. Plea at 4, 5. Appellant stated that he understood, and confirmed that other than those terms, he had not been promised anything in exchange for his plea. *Id.* at 5. Moreover, at the outset of the sentencing proceeding, Appellant's counsel told the court that Appellant understood he faced a mandatory term of 10 years' imprisonment, and that Appellant hoped the court would impose a 10 to 20 year term. N.T. Sentencing, 1/6/20, at 5. When the court imposed a term of 11 to 22 years' incarceration and asked Appellant if he had any questions about his sentence, Appellant indicated he did not. *Id.* at 9. He also did not file any post-sentence motion to withdraw his plea or for reconsideration of his sentence. Therefore, this record belies Appellant's claim that he entered his plea believing that he would receive a maximum term of 10 years' incarceration.

For the above-stated reasons, we agree with Attorney Jasper that Appellant's claims are meritless. His counsel did not act ineffectively by failing to file a motion to suppress the statement he made to police, or a motion for a psychological evaluation of Appellant, as nothing in the record supported counsel's filing such motions. Moreover, Appellant knowingly, voluntarily, and intelligently waived his right to file pretrial motions by pleading guilty. Accordingly, we affirm the court's order dismissing his PCRA petition, and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2021

- 11 -